UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON PERRY,<br><br>　　　　　Petitioner,<br>　　vs.<br><br>MICHAEL MARTEL, as Acting Warden of California State Prison at San Quentin,<br><br>　　　　　Respondent. | Case No. 1:11-cv-01367 AWI<br><br>DEATH PENALTY CASE<br><br>CASE MANAGEMENT ORDER REGARDING PLEADINGS |

Prior to September 2011, the Guide to Case Management and Budgeting in Capital Habeas Cases for the Fresno Division of the Eastern District of California (the "Attorney Guide") specified that petitions should be filed without points and authorities. Answers also were to be filed without points and authorities. Legal briefing under the prior Attorney Guide was presented in a later stage of the proceedings. In September 2011, the Court revised the Attorney Guide so as to require petitioners to present their petitions with legal points and authorities. A comprehensive answer, including points and authorities, as well as a traverse also were determined to be appropriate in the September 2011 Attorney Guide. Because this revised procedure has not been utilized previously, the Court raised the matter of pleading presentation at the Phase I Case Management Conference in the within case. Petitioner Clifton Perry ("Perry") requested the option of filing the federal petition under the prior procedure, that is, without points and authorities. In order to inform the Court's decision about whether to proceed under the prior or revised Attorney Guide procedure, further input was invited from Respondent Michael Martel, as Acting Warden of California State Prison at San Quentin (the "Warden"). The Warden timely filed his statement on November 18, 2011.

Rule 2 of the Rules Governing § 2254 Cases specifies that a petition must:

1. Specify all the grounds for relief available to the petitioner;
2. State the facts supporting each ground;
3. State the relief requested;
4. Be printed, typewritten, or legibly handwritten; and
5. Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

As the text of Rule 2 suggestions, habeas corpus petitions, generally, are factually extensive. Capital habeas petitions invariably are even more complex and factually intense.

The grounds for relief in habeas corpus petitions, including capital petitions, however, are basic. All § 2254 petitions allege numerous and overlapping violations under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Since the vast majority of meritorious claims presented in federal habeas corpus petitions have been exhausted in state court, the same numerous and overlapping violations under the Fifth, Sixth, Eighth, and Fourteenth Amendments have been presented in state court. It is the Court's experience that because capital habeas corpus petitions are presented with the assistance of appointed counsel, they are presented in compliance with Rule 2.

In the past, when capital habeas petitioners were asked to file their petitions without accompanying points and authorities, the petitions nonetheless did state, in a comprehensive manner, the legal grounds for the claims, as Rule 2 requires. When in later stages of the litigation petitioners filed formal points and authorities, those briefs were repetitive of the petitions and added little legal authority to the legal grounds already presented. It was for this reason the Court made a case management change in the procedure in the September 2011 Attorney Guide.

As the Warden notes in his statement, Rule 5 of the Rules Governing § 2254 Cases requires him to file an answer which addresses the allegations in the petition and frames the issues. *See Williams v. Calderon*, 52 F.3d 1465, 1483 (9th Cir. 1995). In order to meet that requirement, the answer necessarily also must be factually intensive to respond to the factual allegations in the petition. The Warden disputes the notion that his anticipated answer in this case must address the factual allegations in the petition in a comprehensive manner.

The Warden's view follows from his understanding of the deference federal courts owe state court decisions under § 2254(d) and the holding in *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388 (2011). He maintains that pleading requirements for habeas corpus cases are more circumscribed than regular civil cases because a federal habeas petition necessarily is preceded by a conviction in the trial court, affirmance of that judgment on direct appeal, and state post-conviction review. He claims AEDPA limits the need to frame and narrow the facts presented in federal petitions due to having shifted the focus in habeas corpus from resolution of factual issues to a threshold determination of a legal question regarding the reasonableness of the adverse state decisions under § 2254(d). Relying on *Pinholster*, he argues that the existence or non-existence of factual disputes is irrelevant to this threshold analysis because new facts presented in federal court cannot be considered. His bottom line is that there is no need at the pleading stage for the parties to identify potential areas of factual dispute for resolution.

It is for this reason the Warden requests the Court to adhere to the revised procedure in the Attorney Guide, that is, requiring Perry to present his petition with points and authorities so that the answer also will consist of points and authorities. There is merit to the Warden's request, but not for the reasons cited or in the manner suggested.

The Court has considered the authorities cited by the Warden in his statement. While they provide ample support for the proposition that district courts may establish case management procedures which are tried and true, or alternatively, on a case-by-case basis, they do not stand for the proposition that factual issues pleaded in federal habeas corpus petitions need not be framed, narrowed, or resolved in advance of a court's § 2254(d) analysis. As the Warden states, *Williams v. Birkett*, 697 F.Supp. 2d 716, 723, n. 4 (E.D. Mich. 2010), holds that the answer to a habeas petition "should respond in an appropriate manner to factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits." The beginning of that same footnote also states: "An answer to a habeas petition is not unlike an answer to a civil complaint. It must respond to the allegations of the petition." *Id*. In the next cited case, *Ebert v. Clark*, 320 F.Supp. 2d 902 (D. Neb. 2004), the petitioner challenged an order allowing the respondent to file a limited response raising procedural default issues prior to addressing the merits. The court determined this was not an abuse of

discretion. *Id*. at 904, n. 4. The Warden then cites *Ukawabuto v. Morton*, 997 F. Supp. 605 (D. N.J. 1998), in which the court established a case management procedure just the opposite of that in *Ebert v. Clark*. In *Ukawabuto*, after the court dismissed the respondent's motion to dismiss the petition for failure to comply with the one-year AEDPA statute of limitations, the respondent filed a second motion to dismiss because the petition presented both exhausted and unexhausted claims. The court dismissed the second motion as well, explaining that the respondent could assert lack of exhaustion in his answer as an affirmative defense. The court refused to permit the respondent to file piecemeal motions to dismiss. *Id*. at 607. Rather it determined it would address the merits. Once the petition was answered, no further motions were required. The court would simply decide the case. *Id*. at 608.

Nor is *Pinholster* supportive of the Warden's proposition that factual issues need not be resolved. While it is indisputable that *Pinholster* limits the introduction of *new* facts not previously presented in state court prior to the federal court's analysis of state court reasonableness under § 2254(d), that holding in no way suggests that facts previously presented to state court need not be analyzed in federal court. As the Michigan and New Jersey district courts decided in *Williams*, 320 F.Supp. 2d 902, and *Ukawabuto*, 997 F. Supp. 605, the respondents need to respond to factual allegations in the petition, on the merits. It is the framing of the factual issues in dispute that will inform this Court's § 2254(d) analysis of the reasonableness of the state court decisions adverse to Perry. The Warden must respond to the factual allegations in a detailed manner to enable the Court to determine what facts were before the California Supreme Court and how the state court decided the claims predicated on those facts. The existence or non-existence of factual disputes is key to the § 2254(d) analysis.

After considering the past practices of petitioners in presenting petitions on capital habeas corpus, the records incidental to on the present case, and the Warden's statement, the Court orders as follows:

1. Perry shall file his federal petition within the federal statute of limitations, up to and including July 27, 2012.
2. The petition shall be comprehensive and include all legal grounds for the claims pleaded.
3. Legal points and authorities shall be included in the petition.
4. The Warden's answer shall be filed with points and authorities as well.

5. In presenting his answer, the Warden shall frame the factual issues and address the merits of the claims pleaded in the petition.

6. General denials of the factual allegations will not be acceptable.

7. In addition, the Warden shall allege all procedural affirmative defenses, including procedural default, non-exhaustion, failure to comply with the statute of limitations, and the non-retroactivity bar.

IT IS SO ORDERED.

Dated:   November 23, 2011

/s/ Anthony W. Ishii
Anthony W. Ishii
United States District Judge