UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON PERRY,<br><br>                Petitioner,<br>     vs.<br><br>MICHAEL MARTEL, as Acting Warden of San Quentin State Prison,<br><br>                Respondent. | Case No. 1:11-cv-01367 AWI<br><br><u>DEATH</u> <u>PENALTY</u> <u>CASE</u><br><br>ORDER RE: PHASE II CASE MANAGEMENT |

Phase II in this matter, which commenced on December 1, 2011 will proceed through the filing of the briefed petition, the briefed answer and the traverse. Petitioner Clifton Perry ("Perry") has advised the Court as well as counsel for Respondent Michael Martel, as Acting Warden of San Quentin State Prison (the "Warden") he may move for equitable tolling of the statute limitations, file a protective petition, file a successive petition in the California Supreme Court to exhaust additional claims, and move for abeyance during this phase. If and when these possibilities occur, appropriate motions will be filed and hearings conducted. Should there be an exhaustion petition filed in the California Supreme Court and federal proceedings in Phase II are held in abeyance, the only activity the Court will financially authorize is Perry's filing of status reports. In that event, once state exhaustion proceedings terminate and should the California Supreme Court rules adversely to Perry, Phase II will continue, with the filing of a fully briefed answer.

As more fully set forth in the November 28, 2011 Case Management Order Regarding Pleadings, the answer shall frame the factual issues and address the merits of the claims pleaded in the petition in additional to raising any procedural affirmative defenses. Following the answer, Perry shall file his

traverse. It is at this point in Phase II that the Court will address the issue of exhaustion and the statute of limitations. Neither procedural default nor the *Teague* non-retroactivity bar will be addressed until Phase III.

Although Perry may need to file an amended budget, depending upon what his early investigation efforts disclose, the Court foresees no occasion to conduct a case management conference for this litigation phase in the future. Should a case management conference become necessary, one will be scheduled.

IT IS SO ORDERED.

Dated:   December 21, 2011

                                                    /s/ Anthony W. Ishii
                                                    Anthony W. Ishii
                                             United States District Judge