1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   CLIFTON PERRY,                          )   Case No. 1:11-cv-01367 AWI
                                            )
10                    Petitioner,           )   <u>DEATH</u> <u>PENALTY</u> <u>CASE</u>
            vs.                             )
11                                          )   ORDER GRANTING PETITIONER'S
    KEVIN CHAPPELL, as Acting Warden of San )   MOTION FOR EQUITABLE TOLLING
12  Quentin State Prison,                   )
                                            )   DATE:          June 25, 2012
13                    Respondent.           )   Courtroom      2
    _____)   ORAL ARGUMENT WAIVED

14

15         Petitioner Clifton Perry ("Perry") moves for equitable tolling of the one-year statute of limitations

16   under 28 U.S.C. § 2244(d) by 60 days beyond the current date of July 27, 2012.  His primary justification

17   is the need allow his retained ballistics expert to perform ballistics testing to support his claim that trial

18   counsel was ineffective for not retaining a ballistics expert.  Testing by the ballistics expert must await

19   a decision by the Kings County Superior Court on Perry's pending motion for release of evidence.

20   Respondent Kevin Chappell, as Acting Warden of San Quentin State Prison (the "Warden") opposes the

21   present motion.  The State of California (representing the same interests as the Warden herein) opposes

22   Perry's motion before the Kings County Superior Court.

23   **I.     Background**

24         Perry's conviction and sentence were affirmed by the California Supreme Court on April 24,

25   2006 for the July 9, 1995 murder of Saeed Nasser, the 47-year old owner of a convenience store in

26   Hanford.  *People v. Perry*, 38 Cal. 4th 302 (2006).  Based on the testimony of an officer at the scene of

27   the shooting about bullet trajectory, the trial prosecution theory was, in part, that Perry shot the victim

28   multiple time in cold blood.  Perry's theory is that he emptied his gun randomly throughout the store

after being startled by the victim as a result of his (Perry's) underlying stress, hypervigilance, and dissociation.

Perry's conviction became final on July 27, 2011 when his state habeas petition, filed October 10, 2005, was denied.  Perry commenced this action on August 16, 2011 with requests for appointment of counsel, to proceed in forma pauperis, and a for a stay of execution.  The first two requests were granted and the stay was denied without prejudice on August 18, 2011.  After receiving a recommendation for the Eastern District of California Selection Committee, the Court appointed CJA panel attorneys D. Jay Ritt and Verna Wefald as Perry's attorneys of record on October 4, 2011.  The Court approved a Phase I budget on November 7, 2011 and a Phase II budget on December 21, 2011, as amended June 11, 2012.

In Phase I Mr. Ritt and Ms. Wefald spent the allotted several weeks obtaining and reviewing the files and pleadings so they could determine what work needed to be accomplished in order to present a cogent briefed petition.   In Phase II, which commenced on December 1, 2011, the Court approved six categories of ancillary service providers, four of which have been utilized by Mr. Ritt and Ms. Wefald. Those four ancillary service providers are: a paralegal, an investigator, a mitigation specialist, and ballistics expert, Mr. Bryan Burnett.  The June 11, 2012 amended budget provided more time for Perry's investigator to interview and obtain statements from 19 witnesses who had not been interviewed previously, but which Perry's attorneys have identified as important for mitigation issues.

## II.    Facts Relevant to the Present Motion

Mr. Ritt's billing statements disclose that he contacted Mr. Burnett December 1, 2011, January 27, 2012, February 2, 2012, and April 11, 2012.  Exhibit A to motion before the Kings County Superior Court (attached to Perry's moving papers herein) is a letter over Mr. Burnett's signature to Mr. Ritt dated May 8, 2012, in which Mr. Burnett asks to conduct a nondestructive ballistics examination of specified trial exhibits in order to "reconstruct" the crime scene in support Perry's advanced theory about shooting randomly.

On May 31, 2012, Perry's attorneys transmitted a draft of the proposed state motion to counsel for the Warden herein and the State of California in state proceedings, Deputy Attorney General Jennevee H. DeGuzman.  (Exhibit B to the state motion.)  On June 4, 2012, Ms. DeGuzman responded

1   that the Warden would oppose the state motion as premature until this Court finds that the decisions of

2   the California Supreme Court were unreasonable under 28 U.S.C. § 2254(d).  (Exhibit C to the state

3   motion.)  The Superior Court set the hearing date for July 9, 2012, and Perry filed the state motion on

4   June 7, 2012.   The opposition of the Warden/State is not due until July 2, 2012.

5   **III.      Standard for Granting Equitable Tolling**

6          The parties agree that the Supreme Court decision in *Holland v. Florida*, 130 S. Ct. 2459 (2010),

7   is controlling.  Under *Holland*, a petitioner is entitled to equitable tolling upon a showing: "(1 ) that he

8   has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

9   an prevented timely filing."  *Id*. at 2462 (quoting *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005);

10  internal quotation marks omitted).  *Holland* further notes that a decision to grant equitable tolling must

11  be made on a "case-by-case" basis and that courts entertaining such motions should exercise "flexibility"

12  to avoid "mechanical rules."  *Id*. at 2563.

13  **IV.      Perry's Argument**

14         Perry gives two reasons justifying equitable tolling.  The first is the delay of 69 days in the

15  appointment of counsel.  The second is the fact that his ballistics expert needs to examine the trial

16  exhibits before rendering an opinion.  He argues he has satisfied the requirements for equitable tolling

17  under *Holland*.

18         With respect to diligence, Perry points out that his attorneys have thoroughly reviewed and

19  digested the record.  In conducting the record review, his attorneys have identified 19 important

20  witnesses yet to be interviewed, and have determined that the services of a ballistics expert is necessary

21  to factually support the claim of ineffective assistance of counsel as to trial evidence adduced about the

22  manner in which the victim was shot.

23         Regarding the "extraordinary circumstance" element, Perry argues the date for the hearing on the

24  motion pending before the Kings County Superior Court, that is, July 9, 2012, was the earliest he could

25  obtain from the Court.  In addition, he notes that due to some emotional difficulties he has experienced

26  requiring medical attention, his attorneys have experienced difficulty communicating with him over the

27  last several months.

28

**V.     The Warden's Opposition**

The Warden first points out the policy reasons underlying the statute of limitations, that is to reduce delay, encourage petitioners to seek relief from state courts in the first instance, and protect the finality of state court judgments.  In making this argument, the Warden stresses that petitioners are to perfect their cases before reaching federal court, and not simply make a second-rate effort at the state level.  Next, the Warden complains that the Court's view of Perry's diligence, as stated in the order granting Perry's application to shorten time for hearing on the within motion, is based in part on confidential documents.  He contends that if the Court is basing case management and legal decisions on confidential submissions he should be given an opportunity to be heard on the matters therein presented.  Finally, he argues that Perry has not demonstrated "extraordinary circumstances" mandated to trigger equitable tolling.

This latter argument is based on the premise that in light of *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), there should be no factual development of new claims or existing claims because the federal petition should not exceed the allegations and legal arguments presented on state habeas.  Thus, whatever investigation Perry is conducting, including ballistics testing, does not and cannot amount to an extraordinary circumstance justifying tolling.

**VI.    Perry's Reply**

In reply, Perry makes several arguments.  First, he points out that a 60-day extension of the limitations period would not prejudice the Warden.  To the contrary, he argues, the extra time requested will enable his attorneys to streamline the already exhausted claims presented in unusually lengthy state court pleadings.  Second, he emphasizes that his deteriorating mental health has had a negative impact on attorney-client communication, thus rendering investigation more difficult.  He identifies this point as an extraordinary circumstance.  Third, he states that his litigation team has exerted great effort to obtain numerous missing documents from the Kings County Superior Court, largely through the diligence of the paralegal assigned to the case.  He also identifies this fact as an extraordinary circumstance.  Finally he notes that the Court already has authorized funding for ballistics expertise in the case.

1  **VII.    Discussion**

2          In the June 11, 2012 order shortening time (doc. 30), the Court already has found Perry diligent

3  in the prosecution of his claims.  The Warden's objection that this finding was in part predicated on

4  confidential submissions is well taken.  The Background section herein outlines the relevant proceedings

5  which inform the Court's view of Perry's diligence.  In all other respects, the Court is unpersuaded by

6  the Warden's legal arguments.

7          The Court also is unpersuaded by Perry's argument that the Warden will suffer no prejudice on

8  account of the requested 60-day tolling.  Even taking into account Perry's argument that the extra time

9  will benefit the Warden as well as the Court because it will enable his attorneys to prepare a more

10 concise brief, his point is inapposite to the standard for granting equitable tolling.  Prejudice is not a

11 factor in the analysis at all.  Moreover the references to his mental and emotional impairments which

12 complicate attorney client communications are too vague to justify a finding of extraordinary

13 circumstances.

14         The Court is persuaded, however, that efforts of Perry's litigation team, particularly the retained

15 paralegal, to reconstruct the trial record in light of missing files at the Kings County Superior Court

16 amply supports the previous finding of diligence.  The fact that these efforts were necessary also is an

17 extraordinary circumstance wholly beyond Perry's control.  Now that the files and evidence has been

18 located and reviewed, it is logical to the Court that Perry's ballistics expert would now have access to

19 them in order to provide a factual basis for his analysis.  Perry's present attorneys are new to the case

20 and have had to immerse themselves in a lengthy record.  That they did not discover missing exhibits

21 and other trial materials immediately upon their appointment does not vitiate the Court's finding of

22 diligence or diminish the importance of previously unknown evidence to the concept of extraordinary

23 circumstances.  The final element of extraordinary circumstances is the Warden's opposition to Perry's

24 efforts to gain access to the trial exhibits in the Kings County Superior Court.  If the Warden had

25 stipulated to the release of the exhibits, the 39-day delay between the email from Mr. Ritt to Ms.

26 Jennevee on May 31, 2012, until the scheduled hearing date on July 9, 2012, would not have transpired.

27 Both diligence and extraordinary circumstances are present.

28

1    The remaining issue to be resolved is the Warden's claim that *Pinholster* proscribes all pre-
2    petition factual development.  To gain insight as to whether Mr. Burnett should be permitted to examine
3    and test the trial evidence to factually develop the theory about the manner in which Perry killed the
4    victim, the Court has turned to the state pleadings.

5    In Claim VI A of the state petition, Perry argued ineffective assistance of trial counsel for failure
6    to adequately investigate and challenge the forensic evidence presented about bullet trajectories that
7    supported the prosecution theory of intentional killing.  Separately, Claim VI A also presents a claim
8    of ineffective assistance of counsel for trial counsel's failure to retain and introduce testimony of a
9    ballistics expert.   In the body of the state petition argument on the missing ballistics expert sub-claim,
10   Perry cites to several treatises authored by different forensic experts.   In the informal response, the State
11   addressed this latter argument, labeling it simply as insufficient because Perry provided "no proffer from
12   an expert to undermine the testimony provided at trial."    Claim VI was denied on the merits in the
13   Supreme Court's ruling on the state petition.  Apparently, the State's argument was well-taken by the
14   state court.

15   On federal habeas, federally appointed counsel decided soon after their appointment that a
16   ballistics expert was necessary to provide the proffer state habeas counsel did not.   Limited pre-petition
17   investigation of this claim is available.  Although under *Pinholster*, the Court will not and did not
18   authorize pre-petition factual development of fully exhausted claims, pre-petition investigation may be
19   authorized and was authorized in the present case where additional factual bases exist to augment
20   partially exhausted state claims. *See Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).  Essentially,
21   the Warden is now opposing Perry's efforts to do exactly what the State claimed he should have done
22   during the state proceedings.  The Warden further suggests this failure may be attributable to a "second-
23   rate effort" in developing claims on state habeas.  The fact that state habeas counsel did not utilize his
24   limited funding for a ballistics expert during state habeas proceedings, however, in no way validates the
25   Warden's suggestion that Perry's state habeas petition might be considered to be a "second-rate effort."
26   To the contrary, the state petition is an extremely detailed and lengthy document.  The more likely reason
27   a ballistics expert was not utilized on state habeas is the limitation on state funding.  The Court as well
28   as both parties are aware that state funding for habeas claims development is limited and invariably

1    exhausted.  As guided by the limitations of *Pinholster*, the Court has authorized the investigation now

2    under consideration and affirms the propriety of that authorization.

3 **VIII.   Order**

4         Having authorized funds for the ballistics expert, and in light of the set backs members of Perry's

5    litigation team have encountered in gaining access to relevant trial exhibits to complete his investigation,

6    the Court grants limited equitable tolling for 39 days.  This time frame represents the delay between

7    Perry's notifying the Warden he would be filing his motion to release exhibits in the Kings County

8    Superior Court and the hearing date.

9    IT IS SO ORDERED.

10

11 Dated:   __June 27, 2012__

12                        ___/s/ Anthony W. Ishii___
                           Anthony W. Ishii
                       United States District Judge