UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON PERRY,<br><br>   Petitioner,<br> v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>   Respondent. | Case No.: 1:11-cv-01367 AWI<br><br>ORDER GRANTING ABEYANCE AND DIRECTING PETITIONER'S COUNSEL TO FILE QUARTERLY STATUS REPORTS |

Petitioner Clifton Perry ("Perry") filed a motion to hold federal proceedings in abeyance on April 29, 2013. The motion was opposed by Respondent Kevin Chappell, Warden of California State Prison at San Quentin (the "Warden"). After considering the arguments of the parties, the Court entered an order on June 3, 2013 (Doc. 56) requesting further briefing from the Warden concerning the following matters:

1. Perry's claim that the good cause requirement for abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), is satisfied by a showing of excusable neglect;

2. An explanation as to how the presentation of evidentiary support for existing claims fundamentally alters those claims so as to render them unexhausted; and

3. Clarification of the position taken by the State during state habeas proceedings as to the importance of the argument that claims were not properly substantiated.

1

## I. PRIOR PROCEEDINGS

As more fully explained in the Court's June 3, 2013 order, the Warden argued in his answer and supporting points and authorities that Claims 4, 5, and 6 of Perry's federal petition are unexhausted because the presentation of supporting factual documentation fundamentally alters the legal claims presented to and considered by the state court. Although Perry took the position when the federal petition was filed, on September 4, 2012, that the petition was fully exhausted, an intervening change in controlling precedent convinced him otherwise.

The standard for abeyance was fully briefed in the papers preceding the June 3, 2013 order. Of the two factors justifying abeyance, "good cause" for failure to exhaust the claims in state court in the first instance and that the claims are "not plainly meritless," the Court determined that Perry had met the threshold for the "not plainly meritless" standard. The Court also was persuaded that the "good cause" component probably was met because of funding issues in state court. Because Perry raised an additional element of good cause, that is excusable (or inexcusable) neglect of state habeas counsel, the Court invited the Warden to address it.

In his supplemental papers, the Warden neither argues against utilizing this excusable neglect standard, nor that Perry cannot establish it. Instead he reiterates prior arguments that abeyance is a limited procedure which is inappropriate in this case. The Court is not persuaded by these arguments any more now that it was on June 3, 2013. Accordingly, the Court finds that Perry has met both the "good cause" and "not plainly meritless" requirements. The Court notes that Perry's diligence in conducting his pre-petition investigation informs the "good cause" requirement.

The Court's hesitation in granting abeyance on June 3, 2013 was largely based in its uncertainty that additional factual support for Claims 4, 5, and 6 rendered them unexhausted under *Vasquez v. Hillery*, 474 U.S. 254 (1986). That case held that the presentation of supporting evidence for existing claims in federal court does not necessarily require exhaustion where the petitioner previously presented the substance of the claims to the state court. *Id*. at 257-58, 260. After reviewing the state habeas claims on which Claims 4, 5, and 6 are based, the Court tentatively concluded that the federal claims did appear to be exhausted.

OGrantAbeyance-Per

And if the claims are exhausted, there would be no occasion to hold federal proceedings in abeyance. The matter would proceed to further briefing, first with Perry's traverse and then the anticipated motion for an evidentiary hearing. Following the rule in *Cullen v, Pinholster*, ___ U.S. ___, 131 S.Ct. 1388 (2011), however, the additional evidence appended to the federal petition would not be considered by the Court in assessing reasonableness of the state court denial under 28 U.S.C.§ 2254(d)(1).

## II. THE WARDEN'S ARGUMENT AS TO EXHAUSTION

As to each of the claims, the Warden argues that the allegations and materials appended to the state petition are quite general in comparison with the case-specific declarations and reports accompanying the federal petition. In each instance, the Warden persuasively argues that the new evidence places Perry's case in a significantly different and stronger evidentiary posture than it was when the state court considered it.

This is not a standard the Court applied prior to the June 3, 2013 order. It is clear, however, that it is to be considered. As cited by the Warden, in the recent Ninth Circuit opinion, *Dickens v. Ryan*, 688 F.3d 1054, 1067 (9th Cir. 2012), the court holds that a claim has not been fairly presented in state court if new factual allegations either fundamentally alter the legal claim already considered in state court (citing *Vasquez v. Hillery*, 474 U.S. at 260), or place the case in a "significantly different and stronger evidentiary posture" than when the state court considered it (citing *Aiken v. Spalding*, 841 F.3d 881, 883 (9th Cir. 1988)). The authority cited by the Warden establishes that Perry's federal Claims 4, 5, and 6 may properly be considered unexhausted.

## III. ORDER

Having determined that Claims 4, 5, and 6, are unexhausted, and further that Perry has established good cause for his failure to exhaust this claims in the first instance, the claims are not plainly meritless, and Perry has been pursuing his claims diligently, the Court orders federal proceedings to be held in abeyance.

Perry is directed to present his unexhausted claims to the California Supreme Court without delay, and in no event more than 45 days from the entry of this order. In addition, beginning September 1,

3

OGrantAbeyance-Per

1 | 2013, continuing on a quarterly basis thereafter, Perry, through his counsel shall file status reports of
2 | the pending state proceedings until those proceedings are concluded.
3 |     IT IS SO ORDERED.

Dated: <u>July 18, 2013</u>

                                          <u>/s/ Anthony W. Ishii</u>
                                          Anthony W. Ishii
                                   United States District Judge

OGrantAbeyance-Per