UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON PERRY,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>　　　　　　Respondent. | Case No.: 1:11-cv-01367 AWI<br><br>ORDER STRIKING THE WARDEN'S NOTICE OF LODGING STATE RECORD DOCUMENTS AS PREMATURE AND RETURNING PAPER DOCUMENTS TO BOTH PARTIES |

　　　　This matter is before the Court following delivery of courtesy copies of recently filed state court pleadings and documents by Petitioner Clifton ("Perry") as well as the filing of a Notice Lodging Document in Paper by Respondent Kevin Chappell, Warden of California State Prison at San Quentin (the "Warden") and the delivery of some of the same pleadings and documents previously provided by Perry. The state pleadings and related documents were received from Perry by the Court on October 26, 2013. The Warden's lodgment notice was filed on November 18, 2013 (doc. 65) and the documents referred to in the lodgment notice were received on November 19, 2013. Federal proceedings in this action were held in abeyance during the pendency of state exhaustion proceedings by order dated July 18, 2013 (doc. 58).

　　　　The state action which is the subject of the parties' respective efforts was filed in the California Supreme Court on October 25, 2013, case number S214222. On November 5, 2013, the state court

OGrantAbeyance-Hlt

ordered the People of the State of California to file an informal response to the petition. The Warden's lodgment notice did not include the state court's directive for the People to file an informal response. To avoid unnecessary duplication of effort, the Court does not wish to receive state court pleadings and documents in a piecemeal fashion every time a new document is filed in the state proceedings, especially since the matter is being held in abeyance.

Local Rule 191(h)(1) provides that the Respondent (that is, the Warden) shall file a notice of lodging documents that are part of the state court record. The Warden has complied with this rule, both during the early months of the case and recently with the lodgment of documents from the new state case. The rule was written with the intent of requiring the lodgment of the extant state record when a federal capital habeas case is commenced, not in a situation, as is presented here, where abeyance of federal proceedings has been ordered so state remedies can be exhausted.

The Court hereby suspends the application of Rule 191(h)(1) during abeyance of this action. Once the case returns to federal court (if the case returns to federal court), the Warden shall comply with the rule by filing an amended lodgment notice and providing the Court with relevant state records. Until that time, the Court is directing the Clerk to strike the Warden's lodgment notice (doc. 65) and return all paper documents to the parties.

IT IS SO ORDERED.

Dated: <u>November 19 2013</u>

<u>/s/ Anthony W. Ishii</u>
Anthony W. Ishii
United States District Judge

OGrantAbeyance-Hlt